# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRICK BROWN, | 1:10-cv-00652 LJO-DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| | [Doc. 11] |
| J. HARTLEY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

On August 1, 2007, the Board of Parole Hearings ("Board") found Petitioner unsuitable for parole.

On January 20, 2008, Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court claiming that the Board's inconsistent reasons for denying him parole at his parole consideration hearings from 1999 through 2007. He also alleged that his 2007 hearing was arbitrary and unfair and that he was denied due process of the law in violation of the Fifth and Fourteenth Amendments. On March 26, 2008, the petition was denied because Petitioner failed to provide the hearing transcripts or a copy of the contested parole decision.

///

---

[1] This information is derived from the state court documents attached to Respondent's answer.

1

On May 21, 2008, Petitioner filed another petition for writ of habeas corpus in the Kern County Superior Court raising the same allegations and attached the 2007 Board transcript as an exhibit. On August 5, 2008, the superior court denied the petition.

On October 30, 2008, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District. On November 13, 2008, the appellate court denied the petition without prejudice for failing to provide an adequate record.

On December 5, 2008, Petitioner re-filed his petition and attached the Board's 2007 transcript. On December 23, 2008, the petition was summarily denied.

On March 23, 2009, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. The petition was summarily denied on August 19, 2009.

Petitioner filed the instant petition for writ of habeas corpus on April 14, 2010, challenging the Board's 2007 decision. Respondent filed a motion to dismiss on August 23, 2010, and Petitioner filed an opposition on September 16, 2010.

DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F.Supp. at 1194 & n. 12.

///

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on April 14, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a parole board

3

decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that § 2241(d)(1)(D) applies in the context of parole decisions and that the Board of Prison Term's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

"Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petition is not challenging his underlying state court conviction.'" Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *quoting* White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir.2004). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).

As an initial matter, Respondent contends that in addition to challenging the 2007 decision, Petitioner also challenges the Board's 2008 and 2009 decisions. After a review of the Petition, the Court finds that the instant petition challenges only the Board's 2007 decision finding Petitioner unsuitable for release. See e.g. Pet. Mem. at 1, 5-6, 9; Opp'n at 4, 19. Moreover, Petitioner has filed three other habeas corpus petitions in this Court challenging his various parole decisions of which this Court takes judicial notice.[2] See 1:06-cv-01815-AWI-GSA (HC) (challenging 2005 Board decision-denied on the merits on February 27, 2008); 1:10-cv-00323-OWW-GSA (HC) (challenging 2008 Board decision-Findings and Recommendations to deny petition pending); 1:10-cv-01200-SKO (HC) (challenging the 2009 Board decision-

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

4

1 pending preliminary review of petition).

2 Respondent further claims that Petitioner's challenge to the Board's 2007 decision is based solely on state law, and he has not alleged a liberty interest in parole nor has he asserted the federal process that is due. The Court does not find Respondent's argument persuasive. In Hayward v. Marshall, the Ninth Circuit specifically found that although there is no independent right to parole under the United States Constitution, the right exists and is created by California's statutory parole scheme and is subject to review under 28 U.S.C. § 2254. Hayward v. Marshall, 603 F.3d 546, 559, 561 (9th Cir. 2010) (en banc) (citing Bd. of Pardons v. Allen, 482 U.S. 369, 371 (1987). On May 24, 2010, the Ninth Circuit further clarified its decision in Hayward, stating the following:

> Through its state statutory and constitutional law, California has created a parole system that independently requires the enforcement of certain procedural and substantive rights, including the right to parole absent 'some evidence' of current dangerousness. Hayward, slip op. at 6327-30 (discussing, *inter alia*, In re Lawrence, 190 F.3d 535 (Cal.2008); In re Shaputis, 190 F.3d 573 (Cal.2008); and In re Rosenkrantz, 59 F.3d 174 (Cal.2002). California law gives rise to a liberty interest on the part of its prisoners covered by its parole system. Having guaranteed the prisoners of the state that they will not be denied a parole release date absent 'some evidence' of current dangerousness, California is not permitted under the federal Constitution arbitrarily to disregard the 'some evidence' requirement in any particular case. It is therefore our obligation, as we held in Hayward, to review the merits of a federal habeas petition brought by a California prisoner who asserts that the decision to deny him parole was not supported by 'some evidence' of his current dangerousness. Under AEDPA, this means that we review 'whether the California judicial decision approving the governor's [or parole board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'' Hayward, slip op. at 6330 (quoting 28 U.S.C. § 2254(d)(1)-(2)).

Pearson v. Muntz, 606 F.3d 606, 611 (9th Cir. May 24, 2010) (per curiam) (footnote omitted); see also Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. June 4, 2010) (acknowledging that in Hayward v. Marshall, it was "held that due process challenges to California courts' application of the 'some evidence' requirement are cognizable on federal habeas review under AEDPA.")

Thus, a plain reading of Hayward, and its progeny, directly contradicts Respondent's argument set forth in the motion to dismiss, and the Court finds the motion to be border line

1  frivolous and subject to future sanctions under Rule 11.[3]  Therefore, based on the clear and
2  current Ninth Circuit authority that completely negates Respondent's argument, the instant
3  motion to dismiss the petition for failure to state a cognizable claim should be denied.
4         Lastly, Respondent argues that the one-year limitation period began to run immediately
5  following the parole decision of August 1, 2007, citing Redd v. McGrath, 343 F.3d 1077, 1081
6  (9th Cir. 2003).  However, contrary to Respondent's argument the August 1, 2007, decision was
7  merely a proposed decision, and it did not become final until November 29, 2007-120 days
8  thereafter.  Therefore, the statute of limitations commenced running on the date the decision
9  became final, i.e. November 29, 2007- 120 days after the Board rendered its decision.  Under the
10 rationale of Redd, Petitioner could not have known the factual predicate of his claim unless and
11 until the decision becomes final. See Redd v. McGrath, 343 F.3d at 1084 (statute of limitations
12 begins to run when administrative decision becomes final) ; see also Banks v. Kramer, 2009 WL
13 256449 *1 (E.D. Cal. 2009); Tidwell v. Marshall, __ F.Supp.2d ___, 2009 WL 1537960 (C.D.
14 Cal. 2009); Feliciano v. Curry, 2009 WL 691220 (N.D. Cal. 2009); Ramirez-Salgado v. Scribner,
15 2009 WL 211117 (S.D. Cal. 2009).  In his motion to dismiss, Respondent did not afford
16 Petitioner the benefit of 120 days before the decision became final, nor did Respondent discuss
17 the availability of interval tolling, and the Court cannot determine whether the petition is
18 untimely based on the analysis set forth by Respondent in his motion to dismiss.  Accordingly,
19 Respondent's motion to dismiss shall be DENIED without prejudice to re-filing if Respondent
20 still believes the petition is untimely given the instant ruling.

---

[3] Rule 11 subsection (b) of the Federal Rules of Civil Procedure specifically states:

(b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
. . . . . . . .. . . . . . .. . . .

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

6

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Respondent's motion to dismiss the petition for failure to state a claim be denied and denied without prejudice as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 1, 2010              /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE